THE STATE, THOS. E. BRAY, ET AL., PROSECUTORS, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

The act of May 28th, 1886 (*Pamph. L., p.* 369), entitled "An act to authorize the boards of chosen freeholders in the respective counties in this state to lay out, open and improve a public road in each of the counties in this state," is unconstitutional because one county is excepted from its operation.

Argued at June Term, 1887, before Justices DEPUE, VAN SYCKEL and MAGIE.

For the plaintiff, *Geo. Van Horn.*

For the defendant, *John A. McGrath.*

The opinion of the court was delivered by

VAN SYCKEL, J.　The writ in this case is prosecuted to determine whether the board of chosen freeholders of the county of Hudson have authority to lay out and improve a certain public road by virtue of the act entitled "An act to authorize the board of chosen freeholders in the respective counties in this state to lay out, open and improve a public road in each of the respective counties of this state," approved May 28th, 1886. *Pamph. L., p.* 369.

The first section of the act authorizes the boards of freeholders in the respective counties of this state, except such counties as have county road boards, to lay out and improve a road, if a majority of persons entitled to vote for members of assembly shall vote to lay it out.

This, it is admitted, is special and local legislation under the case of *Closson* v. *Trenton,* 19 *Vroom* 438.

But the defendant says that by section 2 of the act, when a majority of the persons voting authorize the laying out, the freeholders of any county shall have power to lay out the road, and that this, being the last declaration of legislative will, prevails over the first section and makes the act applicable to all counties, excepting none.

This construction of the second section cannot be adopted.

The second section provides that due notice shall be given by such boards of chosen freeholders of the time and place of holding the election provided in the first section.

The only boards of freeholders, therefore, which can give such notice are the boards named in the first section, which are boards in counties having no road board.

An election cannot be held without the required notice, and,

therefore, the only counties in which elections can be held are counties having no road boards.   The county of Essex has a road board, and to that county the act of 1886 cannot apply.

In my opinion the act under which the work in question is promoted is unconstitutional.

The certified proceedings should be set aside, with costs.