THE KELLYVILLE COAL COMPANY

*v.*

A. J. HARRIER.

*Opinion filed February 17, 1904.*

1. CONSTITUTIONAL LAW—*privilege of contracting is both a liberty and a property right.* Employer and employee may agree that the labor of the latter may be paid for with the property of the former, or the laborer may agree to work in payment of a pre-existing debt, and in either case the rights of the parties are free from interference by the legislature.

2. SAME—*legislature cannot prohibit parties from making lawful contracts.* The legislature has no power to provide that one possessed of property may not sell it to another and agree with the purchaser that the latter shall work in payment.

3. SAME—*when law is void for unjust discrimination.* The exclusion of farmers from the operation of an act prohibiting employers from setting off debts of employees against claims for wages creates an unjust discrimination, which invalidates the act.

4. SAME—*act of 1891, concerning wages of miners, is unconstitutional.* The act of 1891, (Laws of 1891, p. 212,) prohibiting persons or corporations engaged in mining or manufacture from setting off debts of employees, for goods purchased from the employer, against claims for wages by such employees, is unconstitutional.

APPEAL from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding..

H. M. STEELY, for appellant:

The discrimination in section 6 of the act of 1891, (Laws of 1891, p. 212,) in favor of farmers, farm laborers and servants, goes to the whole act, and is in contravention of the fourteenth amendment to the Federal constitution, in that it denies to appellant the equal protection of the laws. *Connelly* v. *Sewer Pipe Co.* 184 U. S. 540; *Yick Wo* v. *Hopkins*, 118 id. 356; *Duncan* v. *Missouri*, 152 id. 377; *Smyth* v. *Ames*, 169 id. 522; *Gibbons* v. *Ogden*, 9 Wheat. 1210; *Sinnot* v. *Davenport*, 22 How. 227; *Railroad Co.* v. *Haber*, 169 U. S. 613; *Missouri* v. *Lewis*, 101 id. 22; *Ruhstrat* v. *People*, 185 Ill. 133; *Busch & Co.* v. *Webb*, 122 Fed. Rep. 655; *Cotting* v. *Stock Yards Co.* 183 U. S. 79.

A statute which deprives coal miners, and those employing them, of the right to conduct their dealings in any manner mutually satisfactory is unconstitutional. *Harding* v. *People*, 160 Ill. 459.

A statute which forbids to any citizen the right to contract or deprives him of the power to contract deprives him of liberty and property without due process of law, and is in violation of that portion of the Bill of Rights in our constitution known as section 2 of article 2. *Frorer* v. *People*, 141 Ill. 171; *Harding* v. *People*, 160 id. 459; *Bailey* v. *People*, 190 id. 28; *Braceville Coal Co.* v. *People*, 147 id. 66; *Millett* v. *People*, 117 id. 294; *Ramsey* v. *People*, 142 id. 380; *Ritchie* v. *People*, 155 id. 98.

The legislature has no right to discriminate between different lines of business or employers of labor. If it does, it is special or class legislation. *Harding* v. *People*, 160 Ill. 459; *Ramsey* v. *People*, 142 id. 380; *Ritchie* v. *People*, 155 id. 98.

A statute that deprives a person or corporation of the right to contract, deprives it of liberty and property without due process of law. *People* v. *Jacobs*, 98 N. Y. 98;

207—40

*Millett* v. *People,* 117 Ill. 294; *Harding* v. *People,* 160 id. 459; *Ritchie* v. *People,* 155 id. 98.

The constitutionality of a statute is a judicial question, to be determined by reference to the subject matter of the legislation and its results. *Lake View* v. *Cemetery Co.* 70 Ill. 191; *Mugler* v. *Kansas,* 123 U. S. 623; *Minnesota* v. *Barber,* 136 id. 313.

W. T. GUNN, for appellee:

It is a settled rule that statutes that are constitutional in part, only, will be upheld so far as they are not in conflict with the constitution, provided the allowed and prohibited parts are separable. *Presser* v. *Illinois,* 116 U. S. 583; *Packet Co.* v. *Keokuk,* 95 id. 80; *Penniman's case,* 103 id. 714; *Unity* v. *Burrage,* id. 459; *People* v. *Kenney,* 96 N. Y. 302; *Trade-Mark cases,* 100 U. S. 82.

The presumption is always in favor of the constitutionality of a statute. *Bunn* v. *People,* 45 Ill. 397; *McVeagh* v. *Chicago,* 48 id. 318.

A statute should not be construed unconstitutional if any other reasonable construction is possible. *People* v. *Peacock,* 98 Ill. 172; *Middleport* v. *Insurance Co.* 82 id. 562.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee brought this suit before a justice of the peace of Vermilion county, against appellant, to recover for wages due him as a miner. On appeal to the circuit court a jury was waived and the cause was submitted to the court for trial. There were no disputed facts. Defendant owed plaintiff for wages and plaintiff was indebted to defendant for groceries and household supplies purchased by him. The only controversy was as to the right of defendant to set off the amount due from plaintiff against his demand for wages, defendant claiming that right and admitting that it owed plaintiff the balance. Plaintiff claimed the right to recover the whole

amount of wages earned, and disputed the right to set off against the same the amount due from him to defendant.

Plaintiff's claim was based on sections 3 and 4 of an act entitled "An act to provide for the payment of wages in lawful money, and to prohibit the truck system, and to prevent deductions from wages except for lawful money actually advanced," in force July 1, 1891. (Laws of 1891, p. 212.) The first and second sections of said act were declared in the case of *Frorer* v. *People*, 141 Ill. 171, to be repugnant to the constitution of the State, and void. Those sections prohibit an employer engaged in mining or manufacturing from keeping or being interested in a store for furnishing supplies, tools, clothing, provisions or groceries to his employees, and declare every person, company, corporation or association violating that prohibition to be guilty of a misdemeanor and liable to a fine.    Sections 3 and 4 are as follows:

"Sec. 3.  It shall be unlawful for any person, company, corporation or association, employing workmen in this State, to make deductions from the wages of his, its or their workmen, except for lawful money, checks or drafts actually advanced without discount, and except such sums as may be agreed upon between employer and employee, which may be deducted for hospital or relief fund for sick or injured employees.

"Sec. 4.  Any deductions made from the wages of any workman in this State, except as provided in section three (3) of this act, may be recovered in any appropriate action before any court of competent jurisdiction, together with such reasonable attorney's fee as the court in its discretion shall think proper, and no offset or counter-claim of any kind shall be allowed in such action or proceeding."

On the trial of this case defendant submitted to the court a number of propositions of law asking the court to hold that defendant, under the law and its charter, has a legal right to keep a store and furnish and sell to

its employees supplies, tools, clothing, provisions, groceries, and such other articles as its employees see fit to purchase from it, and that so far as the act in question attempts to deprive defendant of the right to set off against the demand of plaintiff for wages any demand owing by plaintiff to defendant for groceries, merchandise or other articles purchased at its stores, when it allows such right of set-off to farmers as against their employees, is repugnant to the constitution of the United States and the constitution of the State of Illinois. The court held the first proposition to be the law, to the effect that the defendant had the right to keep the store and sell such goods to its employees as they choose to purchase, but refused to hold that the third and fourth sections were in violation of the constitution, or that the act was rendered unconstitutional by the provision that nothing contained in it should be construed to include the business of farmers or farm laborers or servants. The court held that an employer may sell goods to an employee, but if he is a miner or manufacturer he cannot lawfully secure payment by way of set-off. Accordingly the court found the issues for the plaintiff and entered judgment in his favor for the whole amount of his demand, which was $21.27, and costs of suit, together with $20 attorney's fees, as provided by said section 4.

It is, of course, conceded that sections 1 and 2 of the act are in violation of the constitution, but it is insisted that sections 3 and 4 should be upheld. We do not see how that can be done, and must hold that the whole act is void. Section 6 of the act is as follows: "Nothing in this act shall be so construed as to include the business of farmers, or farm laborers, or servants." A large proportion of the employers of labor in the State are farmers, and the valuable right of set-off is allowed to them while it is denied to the miner or manufacturer. A farmer whose employee is indebted to him, if sued by the employee, may set off the amount of such indebtedness

against the demand of the employee for wages, and the recovery can only be for the balance due. The employee of a miner or manufacturer is not limited to the recovery of the balance due him, but may have a judgment for the whole amount of his wages, and the employer is relegated to a separate action at law to collect what is justly due him, if he can. By this discrimination the miner and manufacturer are deprived of the equal protection of the laws guaranteed to them by the Federal constitution. It is too plain for argument that the exemption of farmers, farm laborers and servants was a material consideration with the legislature in the passage of the act, and that it would not have been enacted if they had not been excluded in its operation and protected from its provisions. The whole act is therefore void. *Connelly* v. *United States Sewer Pipe Co.* 184 U. S. 540; *Mathews* v. *People*, 202 Ill. 389.

Furthermore, it is not within the power of the legislature to provide that one who is possessed of property may not sell it to another and agree with the purchaser to work for him in payment for it. The privilege of contracting is both a liberty and a property right. (*Frorer* v. *People, supra.*) The laborer has a right to contract with respect to his labor and to make such terms and agreements as may be mutually agreeable to him and his employer. They may agree that the labor of one shall be paid for with the property of the other, or the laborer may agree to work in payment of a pre-existing debt, and in either case the rights of the parties are free from interference by the legislature. *Harding* v. *People*, 160 Ill. 459.

The judgment of the circuit court is reversed and the cause is remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*