ERVIN, Justice
(dissenting).
I do not believe the county prosecutor in the county judge’s court is a county fee officer or a constitutional county officer as, for example, is the prosecuting attorney for the county court under Section 8 of Article V of the State Constitution. Historically, the county prosecutor of the county judge’s court is an employee employed by the county commissioners. F.S. Sections 125.03 and 125.04, F.S.A. The special acts considered in this case, viz., Ch. 57-1066 and Ch. 61-1595, do not by their terms transmute the prosecutor in the County Judge’s court of Marion County from an employee to a county officer. No language therein indicates he exercises sovereign power any more than an employed prosecutor. The fact the Legislature in its wisdom later decided such an employee prosecutor should be selected by the electors of Marion County through the elective process rather than continued to be employed by the Marion County Commissioners, did not alone create a special class of fee or salaried officer in Marion County within the purview of Section 20, Article III, State Constitution. It lay within the power of the Legislature to determine the method of selection of such prosecutors, to determine whether they should be officers or employees, and to fix their compensation. Formerly, it delegated the authority of selection of the prosecutor employee to the Marion County Commissioners by general act, allowing the latter to fix such prosecutor’s salary within prescribed limits (see F.S. Section 125.04, F.S. A.). It had the power to and in later years did prescribe another method of selection of such prosecutors in Marion County by local act. However, the Legislature never treated such prosecutors other than employees in the later local acts. I think the special act, Ch. 57-1066, as amended by Ch. 61-1595, for the reasons stated is valid. See State ex rel. Buford v. Watkins, 88 Fla. 392, 102 So. 347.